UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| LAMAR OCI SOUTH CORPORATION and LAMAR TENNESSEE, LLC, </br></br>Plaintiffs,</br></br>vs.</br></br>TENNESSEE DEPARTMENT OF TRANSPORTATION, *et al.*,</br></br>Defendants. | 3:21-CV-00226-DCLC |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the motion to alter or amend judgment [Doc. 42] filed by Plaintiffs Lamar OCI South Corporation and Lamar Tennessee, LLC (collectively "Lamar"). Defendants Tennessee Department of Transportation ("TDOT") and Commissioner Clay Bright ("Commissioner Bright") (collectively "Defendants") have filed a response in opposition [Doc. 44]. For the reasons stated herein, the motion is DENIED.

**I.  BACKGROUND**

The Court previously granted Defendants' motion for judgment on the pleadings, finding the Eleventh Amendment barred all claims against TDOT as an agency of the State of Tennessee and barred Lamar's claims for monetary damages against Commissioner Bright in his official capacity [Doc. 40]. The Court found that since Defendants are immune from Lamar's claims for monetary relief, Lamar lacked standing to bring their remaining claims for declaratory relief [Doc. 40].

**II.  STANDARD OF REVIEW**

A party may move to "alter or amend a judgment [within] 28 days after the entry of that

1

judgment." Fed. R. Civ. P. 59(e). Rule 59 "provides a procedure for correcting manifest errors of law or fact or considering the import of newly discovered evidence." *Helton v. ACS Group*, 964 F. Supp. 1175, 1182 (E.D. Tenn. 1997). "A motion to alter or amend judgment [pursuant] to Fed. R. Civ. P. 59(e) may be made for one of three reasons: (1) an intervening change of controlling law; (2) evidence not previously available has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice." *Id*. A Rule 59(e) motion is "not intended [to] relitigate issues previously considered." *Id*. "Where the movant is attempting to obtain a complete reversal of the court's judgment by offering essentially the same arguments presented on the original motion, the proper vehicle for relief is an appeal." *Id*. (internal citation omitted).

### III. ANALYSIS

In its motion to amend, Lamar does not allege an intervening change of controlling law, nor has it identified any evidence not previously available when the Court ruled on the motion for judgment on the pleadings. Instead, Lamar argues the Court committed clear error when it ruled that Commissioner Bright is immune from suit for monetary damages and consequently found Lamar lacked standing to continue with a declaratory judgment action [Doc. 43].

Lamar argues that Commissioner Bright is not immune "from suit seeking declaratory and injunctive relief as it relates to prospective credit of past fees paid under color of an unconstitutional act." [Doc. 43]. The Court agrees that Commissioner Bright is not generally immune from suit seeking declaratory and injunctive relief. Indeed, the Court stated clearly in its memorandum opinion and order that "a state official may be sued in his or her official capacity for prospective injunctive or declaratory relief." [*Id*. (citing *Ex Parte Young*, 209 U.S. 123 (1908); *Diaz v. Michigan Department of Corrections*, 703 F.3d 956, 964 (6th Cir. 2013)]. However, Lamar seeks declaratory relief in the form of "reimbursement, restoration, or prospective credit of past

fees paid," a claim the Court held was, in fact, a claim for monetary damages disguised as a claim for declaratory relief [Doc. 40, pg. 9].

Rather than raising any new argument or pointing to relevant case law for the Court to consider, Lamar reiterates the arguments it made in its response brief to the motion for judgment on the pleadings [*See* Doc. 35]. Lamar emphatically states that "in no sense is a prospective credit of fees a monetary award against Defendants in this matter." [Doc. 43, pg. 3]. The Court has already addressed this issue at length, concluding that "there simply is no way to interpret a claim for 'reimbursement, restoration or a prospective credit of past fees paid' as anything but a claim for a monetary award." [Doc. 40, pg. 9]. Lamar counters that reinstatement of fees is a valid form of prospective relief, even against a state actor, resting its argument on two cases: *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 965 (6th Cir. 2013) and *Carten v. Kent State Univ.*, 282 F.3d 391, 396 (6th Cir.2002). But neither *Diaz* nor *Carten* dealt with the reinstatement of fees or any monetary reward. *Diaz* involved the reinstatement of employment, *Diaz*, 703 F.3d at 964, and *Carten* involved reinstatement of a graduate student to full student status, *Carten*, 282 F.3d at 396. *Diaz* and *Carten* are inapposite.

Lamar next argues the Court erred when it found Lamar lacked standing. To establish standing a plaintiff must "show: '(1) [he] has suffered an 'injury-in-fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.' " *Soehnlen v. Fleet Owners Ins. Fund,* 844 F.3d 576, 581 (6th Cir. 2016) (citations omitted). The Court found Lamar had not met the third element of redressability because Defendants are immune to Lamar's claim for reinstatement of past fees paid [Doc. 40, pgs. 12-13]. Lamar urges the Court to "reconsider the third element of standing . . . in light of the fact that [Lamar] is not asking for money damages

3

against Commissioner Bright." [Doc. 43, pg. 4]. Lamar reiterates that it does "not seek monetary damages in the classic sense. Rather, [Lamar seeks] a prospective credit of property taken from Plaintiffs under color of the Tennessee Billboard Regulation and Control Act of 1972 which has been ruled unconstitutional." [Doc. 43, pg. 3]. Lamar again attempts to reframe its claim as something other than a monetary award, but the Court finds that Lamar's request for reinstatement of past fees paid is, in fact, a request for monetary relief that cannot be redressed against TDOT or Commissioner Bright. Further, Lamar ignores the glaring fact that the Supreme Court has since abrogated the Sixth Circuit opinion upon which Lamar bases its entire constitutionality argument. *See City of Austin, Texas v. Reagan Nat'l Advert. of Austin, LLC*, 142 S. Ct. 1464, 212 L. Ed. 2d 418 (2022) (abrogating *Thomas v. Bright,* 937 F.3d 696 (6th Cir. 2019)). Even if Lamar had standing to bring its claim against Commissioner Bright, that claim would fail as a matter of law.

### III. CONCLUSION

For the reasons stated herein, Plaintiff' motion to alter or amend judgment pursuant to Federal Rule of Civil Procedure 59 is **DENIED**.

SO ORDERED:

s/Clifton L. Corker
United States District Judge